# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LAURA SHUE, et al.

Plaintiffs,

v.

BRIGHTLINE MOVING & STORAGE, LLC, et al.,

Defendants.

_____________________________________/

Case No. 1:26-cv-05549-KES-EGC

**ORDER DENYING REQUEST FOR PERMISSION TO FILE ELECTRONICALLY WITHOUT PREJUDICE**

**ORDER ACKNOWLEDGING WITHDRAW OF REQUEST FOR DEFAULT AGAINST FELIPE A. CARVALHO AND DISMISSING HIS REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT**

(Docs. 11, 21, 24)

On October 23, 2026 and October 30, 2026, the Court received requests from Felipe A. Carvalho and Plaintiffs Laura Shue and Aaron Larson ("Plaintiffs") respectively, in which these parties request permission to file electronically. (Docs. 21, 24).

Local Rule 133(b)(2) provides that "[a]ny person appearing pro se may ***not*** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Instead, "[a]ll parties shall file and serve paper documents as required by applicable Federal Rules of Civil . . . Procedure or by these [Local] Rules." E.D. Cal. Local Rule 133(b)(2). Nonetheless, a pro se party may "[r]equest to use paper or electronic filing as exceptions from these Rules" if (1) they submit a stipulation between the parties "as provided in [Local Rule] 143;" or (2) "if a stipulation

cannot be had," by a "written motion[] setting out an explanation of reasons for the exception." E.D. Cal. Local Rule 133(b)(3).

Here, the relevant parties have filed motions setting forth explanations of the reasons for the requested exception. However, none of the parties have demonstrated that they are unable to comply with the conventional filing requirement as defined in Local Rule 101, which provides that

> "Conventional Filing" is the filing of a document with the Clerk of Court in paper format. Documents filed conventionally may be filed via mail or in person. Parties that require a conventionally-filed document to be conformed and returned must submit one additional legible conformed copy, and if mailed, a postage paid return envelope. If a postage paid envelope is not received, documents cannot be returned.

E.D. Cal. Local Rule 101. Because the relevant parties have not established that they would be unable to submit filings via mail, the Court finds that it would be inappropriate at this time to deviate from the Local Rule that "[a]ny person appearing pro se may not utilize electronic filing." E.D. Cal. Local Rule 133(b)(2).[1]

Accordingly, the Court will DENY the requests, (Doc. 21, 24), subject to renewal upon a showing of sufficient reason to justify deviating from Local Rule 133(b)(2).

* * *

Additionally, in light of Plaintiffs' request (Doc. 24), the Court will consider Plaintiffs' application for entry of default against Felipe A. Carvalho, (Doc. 11), to be withdrawn. Accordingly, the Court will disregard Felipe A. Carvalho's opposition to the application to Entry of Default. (Doc. 20).

Finally, in light of Plaintiffs' representations regarding the issue of mistaken identity as to Felipe A. Carvalho, (Doc. 24), and the Court's order regarding Plaintiffs' right to file an amended complaint, (Doc. 26), the Court hereby DENIES Felipe A. Carvalho's motion for extension of time to respond to the Complaint and request for expedited consideration without prejudice to the

[1] Plaintiffs represent that the Felipe A. Carvalho who was served and has filed the request to file electronically seems to have been mistakenly served as a Defendant. (Doc. 24). As it seems that the Felipe A. Carvalho who has filed a request to file electronically is not a Defendant in this case and will no longer need to participate in this action, the Court finds this to be another reason to deny Carvalho's request.

request being renewed if Plaintiffs do not file an amended complaint in which they correct the underlying cause of the mistaken identity.

IT IS SO ORDERED.

Dated: **November 5, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE